(No. 1781—

Lyman Phillips, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed May 23, 1933.*

Charles F. Fitzgerald, for claimant.

Otto Kerner, Attorney General; Carl Dietz, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

Claimant filed his claim with the Secretary of State, August 22, 1932, alleging that on the 3rd day of August, 1929, he was a member of the Tank Company, 33 Division, Illinois National Guard, and on that date was on duty as a member of the Illinois National Guard with a convoy of trucks on the way to Camp Grant from Maywood, Illinois; that they were travelling west on Route 5 in the vicinity of Bartlett, Illinois, when one of the trucks of the convoy stalled on the highway. Claimant and the Sergeant in charge, went back to repair the stalled truck. The truck was parked on the northerly side of said road, facing west and the claimant and the Sergeant parked their car on the south side of the road facing east. After repairing the truck, the claimant started to walk across the cement road and was struck by a car driven by a civilian. He was taken to St. Joseph's Hospital, Elgin, Illinois, suffering from a slight concussion and abrasion of right ear and face, right hip, left shoulder, posterior fractured tibia, and right at the junction of middle lower third; fractured fibula, right upper third and lower third had Blebb's abrasions, covering area of six inches long and four inches wide over area. This report was signed by Major Stett and by Captain Arthur W. C. Hollings. Four days later he was taken to St. Anthony's Hospital, Rockford, Illinois, where he remained for about ten months. After leaving the hospital in Rockford, he was returned to Chicago and placed under the care of Dr. Benedict Aron, and from thence on, he was under Dr. Aron's care. Dr. Aron testified as to the extent of the injuries. His record shows that on August 3, 1929, he saw the claimant at St. Joseph's hospital, Elgin, Illinois, the accident having occurred about 6:30 o'clock a. m. near Bartlett. He was discharged by the doctor on June 30, 1932, various operations having been considered necessary.

Claimant did not bring any action against the civilian who ran into him, and not enough facts were set forth in the

evidence to determine whether or not there would be any liability on the part of the civilian. No question arises about the facts.

To the declaration, the Attorney General, on April 20, 1933, filed a statement, and included therein, that the following payments had been made to the claimant in this case:

By the Federal Government:

| | |
|---|---|
| St. Joseph's Hospital, Elgin, Ill................ | $ 36.75 |
| Pay to Private Phillips during hospitalization... | 165.00 |
| Total ...................................... | $201.75 |

By the State of Illinois:

| | |
|---|---|
| Medical services................................ | $ 979.00 |
| Hospital services.............................. | 1,234.00 |
| Pay ......................................... | 329.25 |
| Total ...................................... | $2,542.25 |

This claim for compensation arises under Section 11, Article XVI of the Military and Naval Code of the State of Illinois, which in part provides that in every case where an officer or enlisted man of the National Guard "shall be injured, wounded, or killed while performing his duty * * * in pursuance of orders from the Commander-in-Chief, said officer or enlisted man * * * shall have a claim against the State for financial help or assistance, and the State Court of Claims shall act on and adjust the same as the marita of such case may demand." (Par. 143, Chap. 129, Cahill's Ill. Rev. Stat. 1931.)

It appears from the evidence that in civil life, the claimant was employed by the Public Service Company, in the capacity of a collector, and received $35.00 per week as compensation therefor. At the time his deposition was taken, he was back in the employ of the Public Service Company at the same wages.

His doctor gives as his opinion that the claimant has a permanent partial loss of the use of his right leg to the extent of 40 per cent. During the performance of his duties prior to the accident, the claimant testified that he used an automobile part of the time. He has an actual deformity of the right leg by a shortening of two and one-half inches; a turning in of the right foot to the extent of twenty-five degrees inwards, due to an improper alignment of the bones

at the time of re-setting the leg, and a bulging outward at point of fracture, and it is not possible to obtain any adjustment or corrective appliance to overcome the existing condition, except a higher heel possibly a thicker sole on his shoe. No claim is made for temporary total incapacity during the time claimant was recovering from the effects of the injury. He had already received from the Government under the provisions of Section 10, Article XVI of the Military and Naval Code, the sum of $494.25 in full for temporary total disability. Claimant received $1.00 per day while on active duty. He admits having received compensation both from the Federal Government and from the State of Illinois for medical services, hospital services, and loss of time while unemployed. He is claiming compensation under the Illinois Compensation Act on a basis of $35.00 per week, the amount that he was receiving in private employment. The Assistant Attorney General recommends that he be awarded a sum not to exceed $1,140.00 as full compensation for permanent disability.

In this case the claimant is asking for the sum of $5,000.00 as damages. This claim for compensation arises under Section 11, Article XVI of the Military and Naval Code of the State of· Illinois, which in part provides that in every case where an officer or enlisted man of the National Guard "shall be injured, wounded, or killed while performing his duty in pursuance of orders from the Commander-in-Chief, said officer or enlisted man * * * shall have a claim against the State for financial help or assistance, and the State Court of Claims shall act on and adjust the same as the merits of each case may demand." There can be no question here but what the claimant was in the performance of military duty and acting under proper orders at the time of the accident. He was confined to the hospital for a period of ten months following the accident and all of his hospital and medical expenses totalled $2,249.75. This amount was paid by the State Federal Government. If claimant had received the same injury while in private employment, the Workmen's Compensation Act would have controlled. A member of the National Guard in the performance of his duty, is in fact a State employee.

We, therefore, by analogy use the Compensation Act as the measure of damages in this instance, and under the terms of Section 8 (e) 15 of the Workmen's Compensation Act, the

claimant would be entitled to $15.00 per week for a period of 76 weeks or a total compensation of $1,140.00 for 40 per cent loss in the use of his right leg.

WE THEREFORE, Recommend that an appropriation be made in the sum of $1,140.00 in favor of Lyman Phillips.